UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

FREDDIE JOHNSON AKA FRANKIE JOHNSON,
DIN #11A0773,

                Plaintiff,

    -against-

CHARLES HYNES, ESQ.; KENNETH P.
THOMPSON, ESQ., (Former and Current
Kings County District Attorneys);
LYNN W.L. FAHEY, ESQ., (APPELLATE
ADVOCATES); APRIL AGOSTINO, Clerk
of Court; Appellate Division Second
Judicial Department; (et al.)

                Defendants.
----------------------------------------X

RECEIVED
SDNY PRO SE OFFICE
2015 DEC -7 PM 1:59

COMPLAINT UNDER THE
CIVIL RIGHTS ACT

42 U.S.C.A. §1983

15CV9557

Index. No. _____

## JURISDICTION AND VENUE

1.    Plaintiff institutes these proceedings and invokes the jurisdiction of this Honorable Court under and by virtue of 28 U.S.C.A. §1343 to obtain the suit, including reasonable attorney fees, and damages suffered by plaintiff and caused by the defendants' violation of plaintiff's civil rights as guaranteed by the 6th, 8th and 14th Amendments to the Constitution of the United States and by Federal Law, particularly 42 U.S.C.A. §1983.

2.    This Honorable Court also has jurisdiction of this action under 28 U.S.C.A. §1331, in that the matter in controversy arises under the 6th, 8th and 14th Amendments of the Constitution of the United States.

3.    The violation of plaintiff's rights was committed within New York State.

## PARTIES

4. Plaintiff, Frankie Johnson, aka FREDDIE JOHNSON, is a citizen of the United States of America and was at all times relevant herein an inmate of the New York State Department of Corrections and Community Supervision, incarcerated at the Otisville Correctional Facility, located at 57 Sanitorium Road, P.O. Box 8, Otisville, New York 10963-0008 (Orange County).

5. Defendants, Charles Hynes and Kenneth P. Thompson, Esq., was at all times relevant herein the duly elected, qualified and District Attorneys of the County of Kings, and was and at all times relevant herein was a resident of Kings County, and kept their principle place of business at Renaissance Plaza, 350 Jay Street, Brooklyn, New York 11201-2908.

6. Defendant, Lynn W.L. Fahey, Esq., was at all times relevant herein the duly appointed, qualified and Attorney in Charge of the Appellate Advocates' Appeals Bureaus, and is and at all times relevant herein was resident of New York City, and kept her principle place of business at 111 John Street, 9th Floor, New York City, New York 10038.

7. Defendant, April Agostino, Clerk of the Appellate Division Second Judicial Department, was at all times relevant herein the duly appointed, qualified principal Clerk of Court, and was at all times a resident of the State of New York, and kept her principle place of business at 45 Monroe Place, Brooklyn, New York 11201.

8. Defendants, Kenneth P. Thompson, Esq. (Thompson); Lynn W.L. Fahey, Esq. (Fahey); and April Agostino (Agostino), Clerk of Court; are being sued individually and in their official capacities. Relief is sought against each and all defendants as well as their agents, assistants, successor, employees and persons acting in concert or cooperation with them or at their direction or under their supervision.

9. At all times relevant herein, the defendants: Thompson, Fahey and Agostino, and their agents, assistants and employees acted pursuant to the Policies, Regulations, Judiciary Law or decisions officially adopted or promulgated by those in the Kings County District Attorneys' office, Appellate Advocates and the Clerk of Court: Appellate Division Second Judicial Department, whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the Judiciary Law.

10. At all times relevant herein, defendants have acted under color of authority of the Law of New York State or in active concert with such defendants who are so acting in violation of the Constitution of the United States.

## COUNT ONE:

11. On or about January 26, 2011, plaintiff was convicted upon a plea, in the Supreme Court of Kings County, for the crime of Arson in the second degree, before the Honorable Justice Matthew D'Emic. Plaintiff was informed by counsel (Kathryn Liverani, Esq.) of the Legal Aid Society, an appeal would be filed on plaintiff's behalf because plaintiff did not waive his constitutional rights

to appeal based on the premise plaintiff controverted the predicate felony statement (Robbery of 1987) submitted as being unconstitutionally obtained and in violation of plaintiff's constitutional rights to effective assistance of counsel and due process of law when the plea court failed to conduct a hearing pursuant o procedural law C.P.L. §400.15.

12.  On or about the February 9, 2011, plaintiff was sentenced to a determinate term of ten (10) years imprisonment followed along with five (5) years Post Release Supervision (PRS) for the crime of arso, inter alia, second degree, as a second violent felony offender.

13.  On or about March 9, 2011, former Counsel (Liverani) filed a letter application with the Appellate Division Second Judicial Department requesting that plaintiff appeal the January 26 2011 conviction as a "poor person on the original record and typewritten briefs, assign counsel to represent" plaintiff on appeal.

14.  On or about the January 7, 2012, plaintiff submitted with the Supreme Court Appellate Division Second Judicial Department a notice and affidavit for extension of time to file a notice of appeal pursuant to C.P.L. §460.30, because it was brought to the plaintiff's attention, by the Clerk of Court, there was no notice of appeal filed on plaintiff's behalf by former counsel Liverani, which plaintiff followed the direction given him by the Clerk.

15.     On or about February, 2012, plaintiff was further informed by the Clerk of Court (Appellate Division Second Judicial Department) he needed to file a poor person application with the above said Court for his appeal to proceed (App. Div. #2011-02870).

16.     On or about February 24, 2012, plaintiff filed with the Appellate Division Second Judicial Department a verified application seeking in forma pauperis status on direct appeal from the judgment of conviction rendered January 26, 2011. Plaintiff sought orders for: permission to prosecute his criminal conviction as a poor person, supply plaintiff with the transcripts and records of the proceedings below, free of charge; assignment of counsel to assist plaintiff in perfecting his direct appeal, dispensing with the printing and costs of producing the record in this matter consistent with the needs of this case.

17.     On or about April 24, 2012, the Supreme Court Appellate Division Second Judicial Department rendered a "Decision and Order" (App. Div. #2011-02870) granting plaintiff permission to proceed in forma pauperis, to be provided with transcripts of the proceedings below, plea allocution minutes, and imposition of sentence minutes. Directed assigned counsel to turn over these transcripts to the defendant when counsel serves plaintiff's brief on the defendants. That Court assigned Lynn W.L. Fahey, Esq., (Appellate Advocates) to represent plaintiff on direct appeal and expeditiously perfect his appeal.

18.     The acts of defendants, and each of them, subjected plaintiff to denial of the assistance of counsel for his defense, cruel and usual punishment in violation of the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and have caused plaintiff to suffer damages in the sum of 3.3 Million dollars.

WHEREFORE, plaintiff respectfully prays this Court to:

(a)     permanently enjoin the defendants, trheir agents, assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights and privileges and immunities guaranteed to the plaintiff under the Constitution of the United States of America;

(b)     grant compensatory damages to plaintiff in the sum of $2,000,000.00.

(c)     grant punitive damages to plaintiff in the sum of $1,300,000.00, and

(d)     grant plaintiff's costs of this action, including reasonable attorney fees.

## COUNT TWO:

19.     Plaintiff adopts by reference paragraphs 1 through 18.

20.     On or about June 7, 2012, plaintiff was informed by Lynn W.L. Fahey, Esq., (Appellate Advocates (AA) CASE #5615) the Appellate Division Second Department has assigned them to represent plaintiff on his direct appeal and asked plaintiff to complete a questionnaire and return it to Appellate Advocates, which he complied with.

21.     On or about June 15, 2012, plaintiff was informed by defendant Fahey's paralegal (Irene Wojcicki) of the Appellate Advocates they had received the returned questionnaire and the information it contained will help Appellate Advocates to perfect plaintiff's appeal in a timely fashion. However, plaintiff was further informed that once his case is assigned an individual attorney that attorney will review all relevant information pertaining to plaintiff's case. Plaintiff was finally informed that Appellate Advocates had received plaintiff's minutes in his case and will be reviewed by one of its supervising attorneys to determine whether plaintiff's record is complete.

22.     On or about July 5, 2012, in response to plaintiff's communication concerning his predicate felony status, defendant Fahey alleged, from the plea allocution minutes, "although you initially denied having the predicate felony conviction, you eventually admitted it and then stood mute as to its constitutionality." However, plaintiff did not have the trial transcripts of the 1987 conviction he alleged to have been obtained in violation of his constitutional rights because they (1987 trial transcripts) was not produced nor did trial counsel investigate the predicate felony statement offered by the prosecution but controverted by plaintiff. Moreover, it appears defendant Fahey did not have a complete synopsis of plaintiff's constitutional rights challenge to the 1987 conviction because defendant Fahey alleged "unless the file in your predicate case suggests that the verdict was repugnant or provides some other issue that would render the predicate

7

conviction improper, there is no issue we can raise on your appeal in the current case . . . I will write you again once I have been able to review the predicate felony file."

23.     On or about July 17, 2012, defendant Fahey informed plaintiff she had revised her "thinking about potential issues" to raise on plaintiff's direct appeal. Defendant Fahey explained the "serious risks" plaintiff would be under if she argued on appeal is that plaintiff's "admission of the crime of the plea was insufficient would be plea withdrawal." Plaintiff would face the indictment once again and the People and the Court would not offer another plea bargain. Defendant Fahey alleged plaintiff had two options (1) pleading guilty to the entire indictment or (2) taking your chances at a trial. It was further claimed that plaintiff "could receive consecutive sentences for some of the other counts" which was not fully explained to plaintiff with his communication from defendant Fahey. She concluded this communication by informing plaintiff "I think it makes sense to wait until I have the documents relating to your predicate felony and you get a decision on the 440 leave application before we finalize any plan for moving forward on your appeal." Plaintiff considered defendant Fahey's position and continued to press forward for withdrawing his plea.

24.     On or about August 28, 2012, plaintiff submitted a letter to the Appellate Division Second Department inquiring about the 1987 conviction under Indictment #1973/1987. Plaintiff informed the Clerk of Court there has been a challenge to the constitutionality of that conviction along with his pending appeal (Indictment #2010/2374) and requested the following documents to perfect his

direct appeal: (1) pretrial applications/ motions, (2) trial transcripts, (3) appellant's and respondent's brief, (4) post-conviction applications, (5) Pro Se Brief (Supplemental), and (6) request for permission to appeal application. Plaintiff further informed the Clerk of Court (Appellate Division Second Department) on the judge who he stood trial before.

25. On or about September 24, 2012, the Appellate Division Second Judicial Department's Clerk of Court informed plaintiff it was in receipt of plaintiff's August 28, 2012, communication and informed plaintiff that at that time (October 1987) the original court file, including any transcripts, was returned to the Supreme Court Kings County and plaintiff might wish to contact that Court with his inquiry.

26. On or about November 20, 2012, plaintiff filed a letter with Defendant Fahey regarding "trial counsel's work product" he received from the Legal Aid Society which showed that a plea of eight (8) years was the original offer rather than the ten (10) years plaintiff is incarcerated on. Defendant Fahey alleged the sentence is legal, but plaintiff informed Defendant Fahey how his criminal plea falls in the purview of Lafler v. Copper, 80 USLW4244, 132 S.Ct. 1376; Missouri v. Frye, 80 USLW 4253, 132 S.Ct. 1399 (2012). When it came to disclosure of plead information not communicated to plaintiff at that time which allowed the prosecution to reject the original eight (8) years resulting plaintiff to entered a plea of ten (10) years.

27.     On or about December 5, 2012, Defendant Fahey responded to plaintiff's previous correspondence concerning his 1987 conviction and potential plea offer, inter alia, verdict resubmission in his 1987 trial. However, Defendant Fahey informed plaintiff "I have asked the District Attorney's office to see whether they can find a copy of the trial transcript, and I will let you know if they do." Moreover, Defendant Fahey attempted to rationalize plaintiff's "valid challenge to your predicate felony status" by claiming it "would not undo your sentence in this case."

28.     On or about July 19, 2013, plaintiff filed a "Grievance" against Defendant Fahey with the Disciplinary Committee about her non-responsive services she rendered and her failure to expeditiously perfect plaintiff appeal or file an Anders brief to relieve her of her representing plaintiff and violating his constitutional rights.

29.     On or about August 2, 2013, in response to plaintiff's previous communication, Defendant Fahey informed plaintiff "I know understand that you are frustrated with the delay in my efforts to procure the trial transcript in your old case, but as I explained to you before, I cannot assess the only possible issue in your case without seeing those minutes. I have asked the District Attorney's office again this week to try to determine whether their copy of the trial minutes is still available from their archives. I will write you again as soon as I have further information to give you." Defendant Fahey have not informed plaintiff,

as to date, of any new development concerning the 1987 trial transcript.

30. On or about September 4, 2013, in response to plaintiff's grievance to the Departmental Disciplinary Committee (DDC), Defendant Fahey alleged she "could easily have filed an <u>Anders</u> brief in his case (informing the Appellate Division that I ([she]) saw no non-frivolous issues I could raise on his appeal). It has been in an excess of caution that I have tried to ascertain precisely what occurred in his 1987 case, but it is very difficult to resolve such issues more than 15 years after the fact. At this point I am at an impasse without the 1987 transcript." Incidentally, prior to this allegation Defendant Fahey claimed she is "still awaiting word from the District Attorney's office as to whether they have been able to locate the 1987 transcript."

31. On or about November 18, 2014, Defendant Fahey responded to plaintiff's many correspondences he filed with the chief administrative judge and various court agencies concerning the 1987 trial transcripts. Plaintiff was informed that Defendant Fahey have been unsuccessful in obtaining the old trial minutes. Defendant Fahey further claimed how one copy of the old transcript was supposely stays with the court, one given to appellate counsel to prepare plaintiff's brief then turned that copy over to the District Attorney's office to file their response, which remains with the District Attorney's office. Plaintiff was finally informed by Defendant Fahey she "have also tried to get the courts copy,

but without success. A few weeks ago, the appeals clerk told my office that the Court's copy had been borrowed by the DA's office." Then Defendant Fahey asserted "I have since tried the DA's office yet again, but they are still telling me they cannot find the transcript." This is where plaintiff is at this date, watching his appeal process dissolve in the thin air. However, the defendants individually and collectively know, or in the exercise of ordinary care should have known based on prior experience:

(a)     that this practice made it highly foreseeable that defendants, and in particular plaintiff, would illegally forfeit his constitutional rights, and (b) that the attempts alleged by defendants were insufficient to prevent such violation of plaintiff's constutitional of cruel and unusual punishment and right to effective assistance of appellate counsel or to assure plaintiff adequate procedural due process without violating plaintiff's protective rights.

32.     The acts of defendants, and each of them, subjected plaintiff to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution and have caused plaintiff to suffer damages in the sum of $3.3 Million .

WHEREFORE, Plaintiff respectfully prays this Court to:

(a)     permanently enjoin the defendants, their officers, agents, assistants, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and immunities guaranteed to the plaintiff under the Constitution

of the United State of America.

(b)     grant compensatory damages to plaintiff in the sum of $2,000,000.00

(c)     grant punitive damages to plaintiff in the sum of $1,300,000.00

(d)     grant plaintiff's costs of this action, including reasonable attorney fees.

### COUNT THREE

33.     On or about January 19, 2015, plaintiff submitted with the defendants, i.e. Appellate Division Second Judicial Department (Clerk of Court), a "Writ of Error Coram Nobis," including Request for Judicial Intervention and in forma pauperis application challenging the violations of plaintiff's constitutional rights to ineffective assistance of Appellate Counsel, as well as Due Process violation. Plaintiff, informed defendants, in his cover letter the status of his financial situation and would the Court permit each defendant to copy all exhibits from the documents submitted by plaintiff.

34.     On or about February 13, 2015, plaintiff filed a second letter concerning whether that Court had received plaintiff's "Writ of Error Corram Nobis" and RJI. Plaintiff sought information on the status of his application and memorandum of law submitted in conjunction therewith.

35.     On or about March 6, 2015, plaintiff received a response from defendant (Appellate Second Judicial Department's Clerk of Court) informing him "we have received your application

for a Writ of Error Coram Nobis. When it is processed you will receive under separate cover a motion directive advising you of the return date for the People's response," which plaintiff waited thinking his application will move forward.

36.     On or about March 25, 2015, plaintiff received further correspondence from defendant Clerk of Court informing plaintiff, "since your appeal is still pending, you cannot at this time make this application." Defendant Clerk of Court concluded they are "rejecting" plaintiff's application, and "if you are dissatisfied with your assigned counsel, you must either (1) make a formal motion to relieve assigned counsel and to assign new counsel or (2) make a formal motion to relieve asssigned counsel and to proceed pro se." However, there was no relevant information mentioned as to how plaintiff could possibly appeal this decision of the defendant Clerk of Court.

37.     The acts of defendants, each and of them subjected plaintiff to the denial of the effective assistance of appellate counsel and cruel and unusual punishment in violation of the Sixth, Eighth and Fourteenth Amendments of the United States Constitution and have cause plaintiff to suffer damages in the sum of $3,800,000.00.

WHEREFORE, plaintiff respectfully prays this Court to

(a) permanently enjoin the defendants, their agents, assistants, successors, employees and persons acting in concert or cooperation with them from further violating the rights, privileges and

immunities guaranteed to the plaintiff under the Constitution of the United States of America;

(b) grant compensatory damages to plaintiff in the sum of $2,000,000.00

(c) grant punitive damages to plaintiff in the sum of 1,300,000.00

(d) grant plaintiff's costs of this action, including reasonable attorney fees.

38. Plaintiff have never filed any other lawsuits in state of federal court dealing with the same facts involved in this action.

Signed this 27th day of November, 20 15. I declare under penalty of perjury that the foregoing is true and correct.

*Tedlee Johnson*
11A0773
P.O. Box 8
Otisville Correctional Facility
Otisville, NY 10963

Freddie Johnson #11A0773
Otisville Correctional Facility
P.O. Box 8
Otisville, NY 10963

November 27, 2015

Attn. Clerk of Court
U.S. District Court
Southern District of New York
500 Pearl Street
New York City, NY 10007-1312

Dear Clerk of Court:

Please be advised that I am the above named prisoner and am writing to inform you I am submitting the within Complaint pursuant 42 U.S.C.A. § 1983 with this Court. Upon receipt of the within documents would you be kind enough to inform me of your receipt.

Thank you in advance for your energy and time in this matter, I look forward to your response.

Yours truly,
Freddie Johnson

FREDDIE Johnson 11A0773
OTisville Correctional Facility
P.O. Box B
OTisville, NY 10963

FIRST-CLASS MAIL
neopost
12/01/2015
US POSTAGE $001.64⁰
ZIP 10963
041L11251097

RECEIVED
SDNY PRO SE OFFICE
2015 DEC -7 PM 1:59

U.S. District Court
Southern District of New York
500 Pearl Street
New York City, NY 10007-1312

USM P3 SDNY